[Civ. No. 9405. Third Dist. Jan. 24, 1958.]

SOUTHERN PACIFIC COMPANY (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; JUAN CASTANEDA et al., Real Parties in Interest.

*Assigned by Chairman of Judicial Council.

Devlin, Diepenbrock & Wulff for Petitioners.

No appearance for Respondent.

Thomas C. Perkins and Pelton & Gunther for Real Parties in Interest.

SCHOTTKY, J.—Petitioners above named filed in this court a petition for a writ of prohibition to prevent the respondent superior court from proceeding to try two actions now pending. We issued an alternative writ and set the matter for hearing before this court.

In October, 1951, a collision between a train of the Southern Pacific Company and a truck in which 13 or 14 farm workers were riding occurred at an unguarded railroad crossing. Five actions were filed as a result of the accident. They were: *Tonasialo Quiroga* and *Atilano Aguirre* v. *Southern Pacific Company*, et al.; *Francisco Perez* v. *Southern Pacific Company*, et al.; *Juan Castaneda* v. *Southern Pacific Company*, et al.; *Alejo Vargas, Jesus Vargas* and *Juana Vargas* v. *Southern Pacific Company*, et al.; and *Eliud Garcia-Trevino*, *as administrator of the estates of Jesus Garcia, Jose Gonzales, A. Aquilar and Jose Concepcion Gallegos* v. *Southern Pacific Company*, et al.

All of the above named actions were filed prior to August 23, 1952.

On September 21, 1954, the American Automobile Insurance Company filed an action against Southern Pacific Com-

pany et al., alleging that it was the workmen's compensation insurance carrier for the employer of the persons killed and injured in the accident, and that by reason of the deaths and injuries incurred in said accident, such plaintiff became obligated to pay certain burial expenses and death benefits under the Workmen's Compensation Act.

The action of Quiroga and Aguirre proceeded to trial and on May 21, 1952, a verdict was returned in favor of the plaintiffs. The defendants then appealed to this court on September 2, 1952, and the judgment of the trial court was affirmed on January 4, 1955. (*Quiroga* v. *Southern Pac. Co.*, 130 Cal.App.2d 93 [278 P.2d 80].)

No attempt to set the other cases for trial was made until June 5, 1957, when the plaintiffs in the various cases filed a memorandum to set the cases for trial. An order consolidating said cases for trial had previously been made on March 4, 1955. Thereafter, a pretrial conference was set for September 13, 1957. On August 29, 1957, petitioners filed their motion to dismiss the actions because they had not been brought to trial within five years of the filing of the complaint. The matter was heard on September 17, 1957. Neither plaintiff Perez nor plaintiff Eliud Garcia-Trevino, as administrator, objected to the granting of the motion. However, the other plaintiffs did. After oral argument the matter was submitted to the respondent court, and on September 26, 1957, the motion was granted as to the plaintiffs who did not raise any objection and denied as to those plaintiffs who did object. The court held that it would have been impracticable to bring the cases to trial during the period when the Quiroga case was on appeal. The court held the five-year period was tolled from the time the appeal was taken until the decision of this court was final. After the ruling, the court set the cases for pretrial conference on December 5, 1957, and this petition for prohibition was filed.

Petitioners contend that they are entitled to a writ of prohibition under section 583 of the Code of Civil Procedure on the ground that the superior court has no jurisdiction because the actions were not brought to trial within five years after the actions were commenced. They argue that neither of the express exceptions mentioned in the statute is applicable in the instant case.

Section 583 of the Code of Civil Procedure provides that: ". . . Any action . . . shall be dismissed by the court in which the same shall have been commenced . . . unless such ac-

tion is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable . . . upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period.''

In the recent case of *Continental Pacific Lines* v. *Superior Court*, 142 Cal.App.2d 744, this court said, at page 749 [299 P.2d 417].:

"The statute is mandatory where applicable. (*Andersen* v. *Superior Court*, 187 Cal. 95, 97 [200 P. 963].) Its purpose is to prevent avoidable delay for too long a period and it is not designed arbitrarily to close the proceedings at all events in five years since it permits the parties to extend the period without limitation by written stipulation. (*Christin* v. *Superior Court*, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) It is settled case law that in applying the statute, the time during which, for all practical purposes, going to trial would be impracticable and futile is to be disregarded. The Supreme Court said in *Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 65 [168 P.2d 665] :

" 'The superior court action with which we are concerned was filed January 29, 1940; the motion to dismiss was made on February 21, 1945, twenty-three days after the completion of the calendar five-year period; this petition for a writ of mandate was filed March 27, 1945, fifty-seven days after completion of the calendar five-year period. The sole question necessary for us to determine is whether petitioners have established that the evidence before the trial court on the motion to dismiss was as a matter of law insufficient to sustain its implied finding that for more than twenty-three days of the calendar five-year period, it was "impossible," or "impracticable and futile" either in an objective sense or "due to excessive and unreasonable difficulty or expense," to proceed to trial.' (See also *Judson* v. *Superior Court*, 21 Cal.2d 11, 14 [129 P.2d 361], and *Westphal* v. *Westphal*, 61 Cal.App.2d 544, 550 [143 P.2d 405].)

"We think it should be said that the quotation taken from the opinion in *Pacific Greyhound Lines* v. *Superior Court*, *supra*, cannot be taken from context and considered literally. If that were done, then there would have to be eliminated from the five-year calendar period the time necessary for

service of process, settlement of the pleadings and the time when the parties were waiting for a trial date, for during those times it is, of course, impossible, impracticable and futile to proceed to trial. Before the statute was cast in its present form the five years began running when the answers had been filed. It was amended to measure the five years from. the beginning of the action, and it was intended that the five years allowed should be considered sufficient to afford fair opportunity to bring a cause to trial, even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of pleadings, if necessary, usual and reasonable time consumed in writing for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; but the section does not contemplate that time consumed in such ordinary proceedings is to be excluded from a computation of the five-year period. (*Breakstone* v. *Giannini,* 70 Cal.App. 2d 224 [160 P.2d 887] ; *Berri* v. *Superior Court,** (Cal.App.) 267 P.2d 865.) Under the old form of the section the filing of an amended complaint was held not to prolong the time when the action might be brought to trial. (*Anderson* v. *City of San Diego,* 118 Cal.App.2d 726 [258 P.2d 842].) And in *De Roode* v. *County of Placer,* 112 Cal.App.2d 859 [247 P.2d 390], it was held that the five-year period prescribed commenced to run from the filing of the original complaint and not from the filing of a subsequent amended complaint. It was held in *City of Pasadena* v. *City of Alhambra,* 33 Cal. 2d 908 [207 P.2d 17], that the time within the five calendar year period consumed by a reference was to be excluded.''

What is impracticable or futile must, of course, be determined in the light of the particular case. It has never been expressly defined. It probably means that the reason for not bringing the case to trial must be a justifiable one. The following cases have permitted an exception: *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153] (appeal pending from an order granting a change of venue) ; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665] (stay order could have been granted because one defendant was in the military service and his presence was necessary for the defense) ; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17] (time consumed by referee under a statutory provision for a reference where the

---

*A hearing was granted by the Supreme Court on May 6, 1954. The final opinion of that court is reported in 43 Cal.2d 856 [279 P.2d 8].

issues to be tried were dependent to a great extent upon the facts to be ascertained by the referee) ; *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981] (time consumed by an appeal from a judgment in another case which was a bar to the prosecution of the particular case until reversed) ; *Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405] (time during which coplaintiffs had an appeal pending and in which case there was grave doubt of the jurisdiction of the trial court to proceed without them).

In *Rose* v. *Knapp, supra,* the court said, at page 117 :

"The provision of section 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, but it is subject to implied exceptions. As stated in *Christin* v. *Superior Court,* 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], 'The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years . . .' and one exception has been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' (See also *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal. 2d 61, 67-68 [168 P.2d 66] ; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 916-917 [207 P.2d 17] ; *Judson* v. *Superior Court,* 21 Cal.2d 11, 14 [129 P.2d 361] ; *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405].) What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case."

Respondents contend that until the determination of the appeal in the Quiroga case it would have been impracticable for them to have proceeded to trial. They state that the issues of negligence were the same in all of the cases as they all arose out of the same accident. They contend that the questions raised on appeal in the Quiroga case went to the very essence of whether or not legal liability existed against the defendants by reason of the accident.

In the Quiroga case the principal question before this court was whether the evidence was sufficient to support the judgment against the defendants. All of the members of the crew of the railroad train testified that the whistle was blown and the bell was rung, but a number of plaintiffs' witnesses testified that they heard no bell or whistle, some of these

witnesses being occupants of the truck, some being in a bus traveling along Highway 99W, and one being a woman who was in her house at the time, about 1,000 feet from the crossing. In affirming the judgment we held that negative testimony of witnesses who are in position to hear and observe an accident, and who declare they heard no signals and saw none, even if opposed to positive testimony that signals were given, presents a question for the jury.

Respondents argue that if the railroad company's contentions had been sustained in the Quiroga case it would have affected the trial of the other cases. They claim that it was impracticable for them to prcceed to trial while the Quiroga case was on appeal. They cite the case of *Southern Pac. Co.* v. *City of Los Angeles,* 5 Cal.2d 545 [55 P.2d 847], as holding that a reviewing court is not bound by the findings of a trial court on conflicting evidence where two lower courts dealing with substantially the same evidence reach different conclusions of law on the issues presented and that a reviewing court may, on petition for hearing, eliminate the confusion and determine the legal effect of the evidence. That case and the companion case of *Inyo Chemical Co.* v. *City of Los Angeles,* 5 Cal.2d 525 [55 P.2d 850], involved a situation where the city of Los Angeles was sued in two separate actions by two separate plaintiffs for damages resulting from the breaking of a municipal aqueduct alleged to have been caused by the negligence of the city. In the Southern Pacific Company case the trial court found that the city was not negligent, and that the breaking was caused by an unforeseeable act of God. In the Inyo Chemical Company case a different trial judge, on substantially the same evidence, found that the negligence of the city was the sole proximate cause of the accident. Both cases were appealed, and both were before the Supreme Court at the same time. The Supreme Court first considered the Inyo Chemical Company case. It was held that the finding that the city was negligent was amply supported by the evidence. The cause was reversed solely on the issue of damages. The court then considered the Southern Pacific Company case in which the findings were in favor of the city. This judgment was reversed, the court stating, at page 548:

"It would be most anomalous for such decisions to stand, reaching diametrically opposite conclusions as to the legal effect of the same occurrence, where the essential facts are similarly presented, and are in most particulars undisputed. The rule that a reviewing court is bound by the findings of

the trial court on conflicting evidence cannot apply to a situation such as this, where two lower courts, dealing with substantially the same evidence, have reached different conclusions of law, on the legal issue of whether from this evidence legal responsibility is imposed by the law upon the defendant. It is within the proper function of this court, upon petition for hearing, to eliminate this confusion, and to determine the legal effect of the evidence in both cases.''

In discussing *Southern Pac. Co.* v. *City of Los Angeles, supra,* the court, in *Morris* v. *Fortier,* 59 Cal.App.2d 132, said at page 137 [138 P.2d 368]:

''. . . The most that the case stands for is that when there are two cases growing out of the same facts in which conflicting judgments are rendered, and both are before the Supreme Court at the same time on appeal, the Supreme Court, contrary to the general rule, and in order to harmonize the decisions, will weigh the evidence to determine which of the two conflicting findings should prevail in both cases. Such a rule can have no application to the facts here involved. Here we have but one of the allegedly conflicting judgments before us on appeal. The judgment in the action by the Wilcox heirs against Salter has become final without appeal. The father and mother of Louis Morris were not parties to that action and could not have appealed therefrom. This court is not in a position to harmonize the two apparently conflicting judgments. If we were to weigh the evidence in the instant case, contrary to the general rule, and if we were to assume that the evidence in the first action was substantially similar, and then conclude that the one before us is correct and that the first case was erroneously decided, we would be without power to reverse that erroneous judgment. The rule announced in the Southern Pacific Company case, *supra,* constitutes an exception to the general rule prohibiting an appellate court from weighing the evidence, and can have application only when the two conflicting judgments are before the court at the same time on appeal.''

In *Dillard* v. *McKnight,* 34 Cal.2d 209 [209 P.2d 387, 11 A.L.R.2d 835], plaintiffs brought an action for the wrongful death of their son who was killed in an automobile accident when a car driven by McKnight collided with an automobile in which plaintiffs' son was a passenger. Plaintiffs sued McKnight, his employer, the owner of the automobile which McKnight was driving, an oil company and several fictitiously named defendants. The cause went to trial and a judgment

was recovered against McKnight and his employer. The court found that McKnight was the agent of his employer and was acting within the scope of his employment at the time of the accident. The judgment in favor of plaintiffs became final. As a result of the evidence adduced at the first trial plaintiffs learned the identity of other defendants and sought leave to amend the complaint by inserting their names. This was granted, and thereafter the cause went to trial the second time. At this trial employment was found but it was found that McKnight was not acting within the scope of his employment at the time of the accident. Plaintiffs appealed from the second judgment. They contended on the appeal that the inconsistent findings could not stand. The Supreme Court rejected this contention, and stated at page 224:

"This is not a situation where (1) two conflicting judgments arising out of the same events were both before this court at the same time, (2) the essential facts were similarly presented, and (3) the evidence to a large extent was undisputed. (*Inyo Chemical Co.* v. *City of Los Angeles*, 5 Cal.2d 525 [55 P.2d 850]; *Southern Pac. Co.* v. *City of Los Angeles*, 5 Cal.2d 545 [55 P.2d 847].) With such prevailing combination of factors, this court recognized the anomaly of 'two lower courts dealing with substantially the same evidence' and 'reaching diametrically opposite conclusions as to the legal effect of the same occurrence,' and therefore the two conflicting judgments were not permitted to stand. (*Southern Pac. Co.* v. *City of Los Angeles, supra,* p. 548.) But here, (1) the judgment entered on the first trial has long since become final and only the judgment entered on the second trial is presented for review; and (2) it cannot be said from the record that the 'essential facts' were 'similarly presented' in the second trial and were 'in most particulars undisputed.' "

■ We do not believe that there is anything in *Southern Pac. Co.* v. *City of Los Angeles, supra,* which supports the contention of respondents that it was impracticable for respondents to proceed with the trial of their cases before the appeal in *Quiroga* v. *Southern Pac. Co.* was decided. We do not believe that the time required to determine the appeal in the Quiroga case could be considered by the court in passing upon the motion to dismiss. The five-year period after the filing of the action expired on June 19, 1957, in the Castaneda case, and on July 25, 1957, in the Vargas case. The appeal from the judgment in the Quiroga case was filed on September 2, 1952, and the judgment was affirmed on Janu-

ary 4, 1955. The mere fact that the Castaneda and Vargas cases arose out of the same accident as the Quiroga case, and an appeal was pending in the Quiroga case, did not make it impossible, impracticable or futile to bring the cases to trial within the five-year period specified in Code of Civil Procedure, section 583. If the plaintiffs in the Castaneda and Vargas cases desired to await the outcome of the appeal in the Quiroga case they had a right to do so, for they still had more than two years after that appeal was determined in which to bring their cases to trial before the five-year period after the filing of the actions would expire. But they did not have the right to add the time required to determine the appeal in the Quiroga case to the five-year period specified in said section 583, because there was nothing about the Quiroga case or the appeal therein to interfere with or prevent the trial of the other cases arising out of the same accident. In each of the other cases hereinbefore cited in which it was held that an exception to the mandatory provisions of section 583 was justified, there was a factual situation which would justify the delay in bringing the case to trial. In the instant proceeding we believe it would be unreasonable and unrealistic to hold that the time consumed by the appeal in the Quiroga case could be added to the five-year period.

The Castaneda and Vargas actions were not filed until approximately eight months after the filing of the Quiroga action and not until after the trial of the Quiroga action. While all of the actions arose out of the same accident, they were filed as separate actions, and the fact that similar questions might be involved did not justify respondents in assuming that they could add the time consumed by the appeal in the Quiroga action to the five-year period. Any one of the plaintiffs could have moved to consolidate the remaining actions for trial and they could have been tried in one action. (Code Civ. Proc., § 1048.) The result of the appeal in the Quiroga case could not affect the Castaneda and Vargas actions. Furthermore, no such unusual questions of law were presented in the Quiroga appeal as would reasonably be expected to delay the trial of the remaining cases.

As stated in *Rose* v. *Knapp, supra,* "what is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case." We are convinced that the facts in the instant proceeding as shown by the record do not sustain the conclusion of the trial court that it would have been impracticable to bring the case to trial

during the period when the case of *Quiroga* v. *Southern Pac. Co.* was on appeal, and that the five-year period prescribed by section 583 of the Code of Civil Procedure did not run from the date said appeal was filed until the final determination thereof. We therefore conclude that the court erred in denying the motion to dismiss the actions.

Let a peremptory writ issue commanding the respondent court to dismiss the actions.

Van Dyke, P. J., and Peek, J., concurred.