[Civ. No. 9714. Third Dist. Mar. 1, 1961.]

IRA MILFORD JENSEN et al., Appellants, v. WESTERN PACIFIC RAILROAD COMPANY (a Corporation) et al., Respondents.

594

Desmond, Miller & Sweigert for Appellants.

Johnson, Davies & Greve, Hewitt & McBride and Burton Mason for Respondents.

PEEK, J.—This is an appeal by plaintiffs from a judgment of dismissal for failure to prosecute as provided in section 583 of the Code of Civil Procedure. Chronologically the pertinent facts are as follows:

February 3, 1953: Plaintiffs, while driving their automobile on Highway 99 East near the city of Live Oak in Sutter County, collided with a train operated by the Sacramento Northern Railway. Riding with plaintiffs at that time were Mr. and Mrs. Hepworth;

January 11, 1954: Separate complaints for damages were filed by the Jensens and the Hepworths;

March 15, 1954: Answers by the corporate defendants were filed, wherein the allegations of negligence were denied and affirmative defenses of contributory negligence were set forth;

April 2, 1954: Defendants moved in each case for a change of venue to Sutter County;

June 16, 1954: Motions for change of venue were submitted;

March 3, 1955: Defendants' motions were denied;

April 27, 1955: Defendants filed notices of appeal in each case from the order denying their motions for change of venue;

August 8, 1955: Defendants' motions for summary judgment in each case were filed;

August 8, 1955: Defendants filed notices of motion to consolidate the two cases for trial, which motions were opposed by plaintiffs;

August 16, 1955: Plaintiffs' counsel filed affidavit in opposition to defendants' motions for summary judgment;

August 17, 1955: Motions to consolidate denied;

September 7, 1955: Motions for summary judgment denied;

September 13, 1955: Trial commenced in Hepworth case; (Note: After three and one-half months' trial the jury, being deadlocked, was discharged.)

April 27, 1956: Defendants abandoned appeals from order denying motions for change of venue;

May 16, 1956: Court filed its memorandum opinion instructing judgment to be entered in favor of Western Pacific on the ground that it was not the *alter ego* of Sacramento Northern as alleged by plaintiffs;

September 14, 1956: Court filed its findings of fact and conclusions of law;

June 6, 1958: Plaintiffs filed their motion to set cause for trial;

December 31, 1958: Plaintiffs filed notice of motion for order advancing the cause on the pretrial calendar to January 2 at 2 o'clock p. m. upon the grounds that the cause "must be set for trial prior to January 11, 1959, because of the fact that said date is five years from the date of filing the complaint ...";

January 2, 1959: Defendants filed notice of motion to dismiss for want of prosecution under the provisions of Code of Civil Procedure section 583;

January 2, 1959: Pursuant to defendants' motion, court made its order shortening time from 2 o'clock p. m. on said date to 9:30 o'clock a. m. on said date;

January 2, 1959: Court denied plaintiffs' motion to advance the date on the pretrial calendar;

January 2, 1959: Court granted defendants' motion to dismiss upon the grounds of "want of prosecution and an unreasonable delay in bringing said action to trial. . . ."

From the facts as chronologically set forth, it clearly appears that more than two years, but less than five years, elapsed from the filing of plaintiffs' action to the date of

dismissal, or exactly four years, 11 months and 22 days; however, eliminating from consideration the time involved in the final determination of defendants' motions for change of venue, three years, 11 months and 22 days elapsed between those two dates. Hence, under the provisions of section 583 of the Code of Civil Procedure, the motion to dismiss was addressed to the sound discretion of the trial court.

The contentions of plaintiffs are essentially twofold: (1) that ''Where two cases arise out of the same cause of action, the parties in one case have the right to await the outcome of an appeal in the other case . . . so long as they do not exceed the five-year period provided in the statute''; (2) but assuming that plaintiffs herein did not have such right to await the determination of the appeal in the Hepworth case, nevertheless the trial court abused its discretion in granting defendants' motion to dismiss.

Section 583 of the Code of Civil Procedure provides in part that:

''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. . . .''

■■■ Concerning the purpose and effect of this section, our courts have held that it ''. . . is one of a series . . . having the same general object; that is, to compel reasonable diligence in the prosecution of an action after it has been commenced, thereby extending to the party or parties against whom it is brought an opportunity to properly present any defense which may be available at the time of the commencement of the action. ■■■ Independently of any express authority therefor, the courts have inherent power to dismiss actions for

unreasonable delay in prosecution." (*Steinbauer* v. *Bondesen,* 125 Cal.App. 419, 423 [14 P.2d 106].) This statutory rule, however, is not without its limitations. ██ Thus it has been held that if there is a valid or reasonable excuse for the delay, then to dismiss the case under the discretionary provisions of section 583 of the Code of Civil Procedure is an abuse of discretion. (*Jepsen* v. *Sherry,* 99 Cal.App.2d 119, 120 [220 P.2d 819].) ██ Or even if after five years it was "impossible, impractical," or "futile" a plaintiff's failure to prosecute may be excused. (*Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665].) ██ Because of the many and varied situations which may arise it is also well established that each case should be viewed in the light of its own particular facts. (*Ordway* v. *Arata,* 150 Cal.App.2d 71 [309 P.2d 919].)

While in a sense it may be said that plaintiffs had a *right* to await the running of the five-year limitation before bringing their action to trial, it should be noted that at all times following the expiration of the two-year period they were subject to precisely the same action as was taken by defendants; that is, a motion to dismiss for failure to prosecute within the period provided in section 583 of the Code of Civil Procedure. Contrary to plaintiffs' argument, our comment in *Southern Pac. Co.* v. *Superior Court,* 157 Cal.App.2d 168 [320 P.2d 911], concerning the *right* of a plaintiff to await the running of the five-year period if he so desired, quite obviously must be read in light of the situation therein presented and our comment above concerning the provisions of section 583.

██ It is well established that a dismissal under the provisions of section 583 applicable to the situation herein presented lies within the broad discretion of the trial court and will not be disturbed except in case of a manifest abuse of that discretion. (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267 [331 P.2d 705].)

██ Since it appears that the plaintiffs' right to await the decision in the Hepworth case was subject to the discretionary power of the trial court to dismiss any time after two years, it remains to be determined whether the court abused its discretion in dismissing. The only excuse for delay shown by the plaintiffs is the pendency of the appeal in the Hepworth case. It is settled that a pending appeal serves as an excuse for delay only where it involves "the very basis of the action sought to be dismissed." (*Union Bond & Trust Co.*

v. *M & M Wood Working Co.*, 179 Cal.App.2d 673, 676 [3 Cal.Rptr. 920].)

As noted, the appeal in the Hepworth case does not concern the issue of negligence, but only whether the Western Pacific is the *alter ego* of the Sacramento Northern, and thus whether there is a solvent defendant in this present controversy. Although it might be desirable from the viewpoint of the practicing attorney to be certain that he has a solvent defendant, we do not believe that this fact goes to the "very basis" of the present litigation. In considering this contention, we are not unmindful of the fact that the plaintiffs have done nothing to facilitate an early determination of the appeal in Hepworth. In fact more than four years have elapsed since the filing of that appeal and the sole reason for this rather inordinate delay is that the parties have failed to arrive at an agreement concerning a settled statement of facts.

In view of the record in this case and the legal principles discussed above, we are of the opinion that the court below did not abuse its discretion in dismissing the action for want of prosecution.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.