[Civ. No. 10232. Fourth Dist., Div. Two. June 11, 1970.]

ELLSWORTH ALVIN RATHBUN, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent; DORIS RUBY SANDERS et al., Real Parties in Interest.

### Counsel

Parker, Stanbury, McGee & Roberts and James R. Mead for Petitioner.

No appearance for Respondent.

Keller & Holt and Jack D. Holt for Real Parties in Interest.

## OPINION

KERRIGAN, J.—This is a proceeding in mandate to compel the San Bernardino Superior Court to dismiss a civil action for failure to bring it to trial within two years after it was filed. Petitioner's motion to dismiss the action was denied in the trial court.

In November 1965 the real parties in interest, Doris Ruby Sanders and Gussie Earnest Sanders (plaintiffs), filed suit against petitioner, Ellsworth Alvin Rathbun, and his alleged employer, Iowa Co-Op Association (defendants), to recover damages for personal injuries sustained in an auto-truck collision which occurred on November 29, 1964, on Interstate Highway No. 10 near Colton, California. At the time of the accident, the plaintiffs were riding in a Mercury automobile which collided with a truck allegedly owned by defendant Iowa Co-Op and operated by the defendant Rathbun.

In June 1969 the defendant Rathbun was served with a copy of the summons and complaint in Lincoln, Nebraska, in conformity with an order of court authorizing personal service outside the state. (Veh. Code, § 17455.) On October 15, 1969, Rathbun filed a motion to dismiss the action for plaintiffs' purported failure to prosecute the action diligently. Opposition to the motion was filed by plaintiffs. On November 14, 1969, the motion to dismiss was denied.

Stated succinctly, the defendant Rathbun maintains that a constitutional method of substituted service was available to the plaintiffs which would have enabled them to secure personal jurisdiction over the defendants soon after the complaint was filed in November 1965, and that the three (3) year delay in serving Rathbun constitutes a flagrant lack of diligence in prosecuting the action. The same argument was advanced in the trial forum.

Plaintiffs' declarations in opposition to the motion to dismiss contain the following information: Iowa Co-Op and Rathbun were nonresidents of California; the address listed on the California Highway Patrol accident report indicated that Rathbun's address was 1105 N. 29th Street, Lincoln, Nebraska; the address contained in the report for Iowa Co-Op Association was Box 415, Council Bluffs, Iowa; efforts to identify and locate Iowa Co-Op through the Iowa Secretary of State proved fruitless; the Secretary had two such corporations by the same name, one with its principal office at Des Moines, the other at Council Bluffs; the Des Moines firm had been suspended and dissolved in 1962; the Council Bluffs corporation had been suspended from doing business in July 1965 [after the accident but prior to the filing of the suit]; no telephone directory listing for the Council Bluffs corporation could be found; an investigator or employee of the plaintiffs'

law firm phoned Lincoln, Nebraska, in an attempt to locate the defendant Rathbun in Lincoln;[1] the law firm's employee was advised by the operator that there were two listings under the surname of "Rathbun," one being Sharon Lee Rathbun at 1105 N. 29th Street, and the other being Alvin Rathbun, 1712 S. 27th; calls placed to the 27th Street number went unanswered; a phone call to the 29th Street number culminated in the obtaining of information that Ellsworth Alvin Rathbun was a truck driver and was on the road most of the time; the woman answering the phone further informed the investigator that Rathbun did not live at the 29th Street address; in early 1969, plaintiffs' counsel made an effort to effect constructive service upon the Director of the Department of Motor Vehicles; after service was effected by the Sacramento County sheriff upon the Director, notices were sent by registered mail, return receipt requested, to Iowa Co-Op Association, Box 415, Council Bluffs, Iowa; the unopened, undelivered letter was returned with the notation "unclaimed"; another notice of constructive service was sent by registered mail to Rathbun at 1105 North 29th Street, Lincoln, Nebraska, but was also returned marked "unclaimed"; a second registered letter sent to Rathbun at 1712 South 27th Street, Lincoln, Nebraska, was apparently receipted by someone, but the delivery receipt did not purport to contain the signature of Rathbun; a phone call was then placed to Rathbun at the number listed on South 27th Street; the party answering the phone identified himself as Rathbun; he informed the caller that although he resided in Lincoln, he was employed as a truck driver by Western Iowa Port, a firm based in another state; he indicated that his work as a truck driver required him to engage in long-haul trucking and that he was customarily away from home for extended periods of time, each trip being six to seven days in duration; because of the uncertainty and questionable validity of the constructive service, a copy of the summons and complaint was sent to the sheriff of Lancaster County, Nebraska, with directions to serve Rathbun at 1712 South 27th Street, Lincoln; after six trips, the sheriff was successful in obtaining personal service on Rathbun in June 1969 at 1105 North 29th Street, Lincoln, Nebraska.

■ Section 583 of the Code of Civil Procedure ordinarily requires dismissal of an action if it is not brought to trial within five years after it is commenced; it also authorizes a dismissal within the discretion of the trial court if it is not brought to trial within two years. (*Membrila* v. *Vonett Sales Co.,* 250 Cal.App.2d 299, 300 [58 Cal.Rptr. 544].)

■ The statute places no restrictions on the exercise of the trial court's discretion, and there is no requirement that the motion to dismiss must be

---

[1]The date or dates the phone calls were made do not appear in the declarations.

granted unless opposed by an adequate showing of diligence or excuse for delay. (*Denham* v. *Superior Court,* 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193].) ■ The exercise of the trial court's discretion will be disturbed only for clear abuse (*Weeks* v. *Roberts,* 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361]), and if there is any basis upon which its action can be sustained, and it appears that no injustice will result therefrom, a refusal to dismiss should be upheld. (*Denham* v. *Superior Court, supra.*) ■ Only when there is an entire absence of any showing constituting good cause should a writ of mandate issue compelling the dismissal of the action. (*Denham* v. *Superior Court, supra; Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 68 [168 P.2d 665]; *Charles L. Donohoe Co.* v. *Superior Court,* 202 Cal. 15, 18 [258 P. 1094]; see also *Martindale* v. *Superior Court,* 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199].)

■ The purpose of the two-year statute is to compel reasonable diligence in the prosecution of an action after it has been commenced, thereby extending to the party or parties against whom it is brought an opportunity to properly present any defense which may be available at the time of the commencement of the action. (*Jensen* v. *Western Pac. R.R. Co.,* 189 Cal. App.2d 593, 596 [11 Cal.Rptr. 444].) However, this policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds. (*Daley* v. *County of Butte,* 227 Cal.App.2d 380, 390 [38 Cal.Rptr. 693].)

California law also requires that an action shall be dismissed unless the summons shall be served and return thereon made within three years after the commencement of the action, except where the parties have stipulated in writing that the time be extended. (Code Civ. Proc., § 581a.)

In applying the foregoing statutory and case law to the matter under review, it should be originally noted that the defendant Rathbun does not contend that the action should have been dismissed for failure to serve him with summons and complaint under the three-year statute (Code Civ. Proc., § 581a), notwithstanding the fact that he was not served until 40 months after plaintiffs' suit was filed. Rathbun's reluctance to invoke the three-year statute is understandable inasmuch as he has filed a general appearance in the action in the form of an answer to plaintiffs' complaint. Consequently, the only issue involved is whether the trial court abused its discretion in denying Rathbun's motion to dismiss under section 583 of the Code of Civil Procedure for failure to bring the action to trial within two years.

■ Section 583 contains a tolling provision similar to section 581a, the effect of which is to limit the trial court's power to dismiss the action for lack of prosecution. The exception to the two-year statute provides that no dis-

missal shall be granted ". . . where it be shown that defendant has been absent from the State . . . and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence . . . shall not be part of said two-year period."

For the purpose of counteracting the foregoing language, the defendant maintains that, although he was absent from California during the 40-month period, his residential address was known to the plaintiffs or could have been ascertained in the exercise of due diligence, and that personal service could have been effected upon him in Nebraska within a reasonable time after the complaint was filed.

However, defendant frankly concedes that he has been unable to discover any authority to the effect that a nonresident motorist is to be deemed within the state for the purpose of voiding the tolling provisions of the dismissal statute merely because a method of substituted service is available.[2] ■ While California does provide a substitute method of service as to nonresident motorists (Veh. Code, § 17450 et seq.), the plaintiff is required not only to serve the Director of the Motor Vehicle Department with summons and complaint (Veh. Code, § 17454), but the defendant must also be personally served at his foreign residence or, in the alternative, be served by registered mail and a return receipt bearing his personal signature must be filed. (Veh. Code, §§ 17454, 17455, 17456.) In the event a defendant is a foreign corporation doing business in California, a different method of constructive service is provided in that service may be effected upon the Secretary of State. (See Corp. Code, §§ 6500, 6504; Code Civ. Proc., § 411, subd. 2; *Raynolds* v. *Volkswagenwerk Aktiengesellschaft*, 275 Cal.App. 2d 997 [80 Cal.Rptr. 610]; *Black Bros. Co.* v. *Superior Court*, 265 Cal. App.2d 501 [71 Cal.Rptr. 344].) ■ Therefore, the substituted service sections of the Vehicle Code are not identical to the Corporations Code. Failure to use the method of substituted service governing nonresident motorists does not show a lack of due diligence in and of itself, but is merely one of the circumstances to be considered by the trial court in exercising its discretionary power.

Rathbun's contention that his codefendant, Iowa Co-Op, was amenable to substituted process is untenable and his reliance on *Black Bros. Co.* v. *Superior Court, supra,* 265 Cal.App.2d 501, is misplaced. In view of the recent decision in *Denham* v. *Superior Court, supra,* 2 Cal.3d 557, the legal

---

[2]*Bigelow* v. *Smik*, 6 Cal.App.3d 10 [85 Cal.Rptr. 613], cited by petitioner, holding that the limitations statute (Code Civ. Proc., § 351) for commencing an action is not extended when a method of substituted service is available (Veh. Code, § 17450 et seq.) is not applicable in the case under review inasmuch as the action was filed within the statutory period.

integrity of *Black Bros.* is questionable. Moreover, the facts in *Black Bros.* indicate that the defendant corporation was doing business in California at all times between the filing of the complaint and the date of the service of summons nearly three years later. In the case under review, there is no indication that Iowa Co-Op was doing business in California [or any other state] after the action was filed. Rathbun submitted no proof in the trial court to the effect that Iowa Co-Op was doing business here, and the plaintiffs' declarations in opposition to the motion to dismiss indicate that the Council Bluffs corporation bearing the name "Iowa Co-Op" had been suspended from doing business in July 1965, prior to the institution of the plaintiffs' suit, and that the Des Moines firm bearing the same name had undergone dissolution several years prior to the filing of the action.

■ Sufficient facts were contained in the aforesaid declarations in opposition to the motion to dismiss to justify the trial court's denial of the motion. No useful purpose would be served in belaboring the facts, but suffice it to say that substantial efforts were expended in attempting to locate Rathbun and the corporate truck owner-employer (Iowa Co-Op) after the complaint was filed. This is not a situation where the whereabouts of either defendant were definitely known. An investigation had to be undertaken in order to locate Rathbun. Consequently, the trial court could have concluded that the statutory time period under the two-year statute (Code Civ. Proc., § 583) had been tolled by Rathbun's absence from the state, that the plaintiffs had used due diligence in trying to establish the addresses of both Rathbun and the foreign corporation, and that good cause consequently existed in the delay in effecting service of summons upon Rathbun.

The petition for peremptory writ of mandate is denied and the alternative writ of mandate is discharged.

Gardner, P. J., and Tamura, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 9, 1970.