[Civ. No. 3911. Fifth Dist. Aug. 19, 1980.]

OLGA GARZA, a Minor, etc., Plaintiff and Appellant, v.
DELANO UNION ELEMENTARY SCHOOL DISTRICT et al.,
Defendants and Respondents.

COUNSEL

Gordon, Holstein & Ropers, William C. Gordon and Allan I. Shatkin for Plaintiff and Appellant.

King, Eyherabide, Anspach, Friedman & Robinson, Robert Anspach, Al Schallau, Peter W. Beckman, McCormick, Barstow, Sheppard, Coyle & Wayte and Lowell T. Carruth for Defendants and Respondents.

OPINION

**PIERSON, J.\***—Plaintiff's personal injury complaint against the County of Kern (hereafter the County), Delano Union Elementary School

*Assigned by the Chairperson of the Judicial Council.

District (hereafter the District) and James G. Molica (hereafter Molica) was dismissed for lack of prosecution under Code of Civil Procedure section 583, subdivision (a), the discretionary dismissal statute and on the ground of failure to allow discovery, pursuant to Code of Civil Procedure sections 2030 and 2034, subdivision (d).

## FACTS

A chronological statement of events pertinent to the case follows: November 6, 1975—Minor appellant, Olga Garza, filed a complaint for damages arising out of a November 14, 1974, collision involving a school bus on which the minor was riding.

March 12, 1976—Counsel for the Delano Union Elementary School District served notice on appellant's attorney that depositions of the minor and her parents were set for April 9, 1976.

March 15, 1976—By this date all defendants had answered the complaint.

March 22, 1976—Plaintiff filed an at issue memorandum.

March 24, 1976—The District's counsel sent a letter to plaintiff's attorney advising a doctor's examination for the minor was scheduled for May 5, 1976.

March 25, 1976—The District served interrogatories on plaintiff's attorney.

April 7, 1976—Appellant's counsel telephoned the District's counsel and advised him that the minor had returned to Mexico and would not attend the deposition or doctor appointment. He stated that he had written Mr. Garza asking him to return to California and would advise the District's attorney when the Garzas returned. The District was billed $50 for the cancelled doctor appointment.

May 19, 1976—Appellant's counsel advised the District's counsel by telephone that he had contacted Mr. Garza and requested the minor be returned to California for deposition and examination. He promised to contact defense counsel upon the minor's return. The District's counsel granted plaintiff an extension to July 15, 1976, to answer interrogatories. The minor did not return to California.

July 22, 1976—The District and plaintiff each granted the other an open extension to answer interrogatories previously served on each other.

August 18, 1976—A trial setting conference was set by the Superior Court of Kern County for October 18, 1976.

October 15, 1976—Appellant's attorney contacted the District's attorney and stated he had again contacted his client and was attempting to get her back to California. He requested the District's attorney appear before the court for plaintiff to request a trial date at the earliest possible and most convenient date to court and counsel.

October 21, 1976—Notice was mailed to counsel that the trial date was set for May 2, 1977.

November 19, 1976—The District noticed the deposition of the minor for January 4, 1977, and scheduled a doctor's examination for the minor on January 19, 1977.

January 5, 1977—The District's counsel received a letter from minor's counsel confirming a telephone call cancelling the January 4, 1977, deposition and rescheduling it for February 8, 1977.

January 17, 1977—The minor's appointment for defense medical examination was cancelled. Subsequently defense counsel again received a $50 bill from the doctor for the cancellation.

February 3, 1977—Plaintiff's attorney notified the District's counsel by telephone and letter that he was still unable to contact his client and requested a cancellation of the deposition for February 8, 1977. The minor's counsel also requested the matter be taken off calendar until "we are able to locate our client." The District cancelled the deposition.

March 11, 1977—A stipulation by all parties was filed. It provided that the trial date of May 2, 1977, "be vacated, and a new trial be reset by stipulation of the parties herein."

November 28, 1977—Molica's attorney filed a notice of motion to dismiss the complaint based on Code of Civil Procedure sections 583, subdivision (a), and 2034 in that the case had not been brought to trial within two years and plaintiff had not appeared for deposition.

December 19, 1977—The District filed notice of motion to strike the complaint and for other sanctions because of plaintiff's failure to answer interrogatories, failure to appear for deposition and failure to appear for doctor's examination.

December 21, 1977—The District filed notice of motion to dismiss the complaint for lack of prosecution under Code of Civil Procedure section 583, subdivision (a).

December 21, 1977—Rosa Garcia, an employee of plaintiff's counsel, telephoned and spoke to the minor in Nuevo Leon, Mexico. Garza said she was residing with her parents in Mexico, could not financially afford to come to California and was under a doctor's care for injuries sustained in the accident of November 14, 1974.

January 3, 1978—Plaintiff's counsel filed opposition to the motions to dismiss and for sanctions. In support of his opposition, counsel set forth the following points: (1) the lawsuit was filed by offices of his firm in Riverside, California, and then transferred to counsel's office in San Francisco, causing some delay; (2) counsel's law firm dissolved December 31, 1976, and was reconstituted which imposed a heavy workload on counsel; (3) counsel's law firm had extreme difficulty locating the minor; depositions were continued because counsel could not locate or communicate with plaintiff; the minor and her guardian ad litem are Spanish-speaking and "may not be aware of the importance of keeping counsel informed of their whereabouts"; (4) counsel's law firm employed an investigator to locate the minor; her residence was ascertained in Mexico (giving address and telephone number); and (5) plaintiff desires to proceed with her lawsuit; her nonavailability was not wilful.

January 6, 1978—Motions to dismiss and for sanctions were heard by the court. Minor's counsel requested 10 days leave to file an at issue memorandum to resolve the issue of further delays. The court denied the request. The motion to dismiss for lack of discovery was dropped by respondent Molica's attorney. Argument on respondent District's motion to dismiss for lack of discovery was heard. Appellant's counsel contended that since respondent District's counsel had acquiesced in continuing discovery until appellant should return to the state that appellant's conduct should not be viewed as a wilful failure to comply with discovery. He cited the fact that there had been no motion to compel appellant to attend a physical exam and no motion to compel answers to interrogatories, and all parties stipulated to continue the case, which he

argued affirmed defendant's acquiescence in the continuance of discovery.

Counsel for the County appeared and, upon stipulation by plaintiff's attorney, joined in the motions for dismissal. The record is not clear as to whether the motion was on one or both grounds.

The court granted the motions to dismiss upon both grounds, failure to prosecute and failure to allow discovery.

## DISCUSSION

*The granting of the motion to dismiss under the two-year statute for lack of prosecution as to respondents Molica, Delano Union Elementary School District and Kern County was an abuse of discretion.*

Code of Civil Procedure section 583, subdivision (a), provides as follows: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."[1]

Rule 203.5, subdivision (e), California Rules of Court, provides as follows: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature

---

[1]The purpose and effect of the discretionary dismissal provision has been described as follows in *Rathbun* v. *Superior Court* (1970) 8 Cal.App.3d 690, 695 [87 Cal.Rptr. 568]: "The purpose of the two-year statute is to compel reasonable diligence in the prosecution of an action after it has been commenced, thereby extending to the party or parties against whom it is brought an opportunity to properly present any defense which may be available at the time of the commencement of the action. (*Jensen* v. *Western Pac. R.R. Co.*, 189 Cal.App.2d 593, 596 [11 Cal.Rptr. 444].) However, this policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds. (*Daley* v. *County of Butte*, 227 Cal.App.2d 380, 390 [38 Cal.Rptr. 693].)"

and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

In the early situations involving application of the discretionary dismissal statute orders granting dismissal were often reversed, pursuant to the policy favoring trial on the merits. Later appellate courts began to emphasize the policy of preventing unreasonable delay in litigation and the trial court's duty to carry out this policy. "As a result, 'discretionary' dismissal took on a *mandatory* character when the plaintiff failed to make a sufficient showing of excuse, and *mandamus issued* to compel dismissal." (4 Witkin, Cal. Procedure (2d ed. 1971) Refusal to Dismiss, § 88, p. 2749.) (Italics in original.) This strict approach was adopted in *Black Bros. Co. v. Superior Court* (1968) 265 Cal.App.2d 501 [71 Cal.Rptr. 344].

However, "mandatory" discretion was abandoned and *Black Bros. Co.* was repudiated by the Supreme Court in *Denham v. Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]. In *Denham*, a motion to dismiss for lack of prosecution under the discretionary statute was denied. Plaintiff's showing of excuse was predicated on changes in plaintiff's law firm: two members had been appointed to judicial positions and the entire burden of the busy office fell on an elderly member of the firm who relied on a mistaken oral statement of one prior firm member that a memorandum to set had been filed. In upholding the trial court's refusal to dismiss, the court stated: "The statute places no restrictions on the exercise of the trial court's discretion, and in particular there is no requirement that the motion to dismiss 'must' be granted unless opposed by an adequate showing of diligence or excuse for delay." (*Id.* at p. 563.)

The *Denham* rule has been followed in later decisions, e.g., *Martindale v. Superior Court* (1970) 2 Cal.3d 568, 574 [86 Cal.Rptr. 71, 468 P.2d 199], wherein the court declared: "...it is only when there is an entire absence of any showing constituting good cause for the delay, presented in the trial court upon the hearing of a motion to dismiss,

that a writ of mandate to compel dismissal of the action may properly issue; . . ."

In *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543 [133 Cal.Rptr. 212], the court reversed, finding an abuse of discretion when the trial court granted a section 583, subdivision (a), dismissal against the plaintiff city. It cited the finding that the office handling the case for the city had a heavy case load, was seriously understaffed and the case had been handled by a number of different attorneys. The court further found no prejudice caused by appellant's delay. The court stated: "Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, *all of the circumstances before it being considered.*" (*Id.* at p. 560, quoting from *Loomis* v. *Loomis* (1960) 181 Cal. App.2d 345, 348 [5 Cal.Rptr. 550].) It further stated that: ". . . in the absence of prejudice to defendants, attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater where a trial on its merits is denied than it is where plaintiff is permitted to proceed." (*Id.* at p. 563.)

In the instant case, respondent Molica argued his prejudice arose from inability to depose appellant. The extent of the prejudice was speculative.

Respondent District did not cite any prejudice.

Appellant's counsel has made the following showing in her attempt to establish excusable delay: (1) language differences; (2) difficulty locating client; (3) poverty of appellant; (4) prosecutorial problems—press of business, change in firm; (5) open extension to answer interrogatories by the District; and (6) stipulation vacating trial date and agreement to set date in future by stipulation.

In *Rathbun* v. *Superior Court, supra,* 8 Cal.App.3d 690 [87 Cal. Rptr. 568], denial of a motion to dismiss was justified by declarations showing substantial efforts were expended to locate the defendants, whose whereabouts were not definitely known, and that an investigation had been undertaken to locate the defendant.

In *Woolfson* v. *Personal Travel Service, Inc.* (1971) 3 Cal.3d 909 [92 Cal.Rptr. 286, 479 P.2d 646], a motion to dismiss was made three years and three months after filing the complaint, and the record showed seven months of total inactivity. Plaintiff's attorney offered as excuses (1)

his inability to consult with his client, who had traveled to England to act as executor of his father's estate, and (2) his preoccupation with two trials during the period of inactivity. The motion was heard prior to the *Denham* decision and the trial judge's remarks made it clear he felt compelled to grant the motion under the rule in *Black Bros. Co.* The motion granting the dismissal was reversed and the case remanded to the trial court in order for it to exercise its discretion in light of *Denham* and *Martindale.*

The case of *Lowe v. Thomas* (1970) 11 Cal.App.3d 867, 871 [90 Cal.Rptr. 202], indicated that poverty may be considered as one circumstance in the totality of facts presented in determining whether the court has abused its discretion in granting a dismissal.

Change of attorneys and heavy workload were cited as factors to be considered by a trial court when faced with a dismissal action in *United Farm Workers National Union v. International Brotherhood of Teamsters* (1978) 87 Cal.App.3d 225, 236-237 [150 Cal.Rptr. 761]. The court noted that where a trial court dismisses an action under the two-year statute it is subject to closer appellate scrutiny than where the trial court denies the motion to dismiss. "Where the decision is made on the basis of a record consisting of affidavits, memoranda of points and authorities and the court's file so that the credibility of witnesses is not involved, 'a trial judge is in no better position than an appellate court in determining whether substantial justice has been done.' (*Ordway v. Arata* (1957) 150 Cal.App.2d 71, 75 [309 P.2d 919]; *Ferris v. Wood* (1904) 144 Cal. 426, 428-429 [77 P. 1037].)" (*Id.* at p. 233.) It noted that the trial court may not presume prejudice simply by the passage of time. (*Id.* at p. 236.)

The effect of open-ended stipulations on the determination of motions to dismiss has been construed in *Meraia v. McCann* (1978) 83 Cal. App.3d 239 [147 Cal.Rptr. 756], which held in conformity with *General Ins. Co. v. Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289], that a stipulation granting an open-ended extention of time for filing an answer, which induced plaintiffs' delay in prosecuting the case, was binding to excuse the parties from diligent prosecution.

The court in *Regan Distributors, Inc. v. Yurosek & Son, Inc.* (1979) 88 Cal.App.3d 924 [152 Cal.Rptr. 127], found an open-ended stipulation extending time for hearing on demurrers to the complaint was sufficient to prevent dismissal for failure to prosecute within the

two-year period. The stipulation effectively precluded a claim of lack of diligence.

This line of decisions is compelling in light of two factors in the present case. First is the open extension of time for filing answers to interrogatories; second, and more important, is the stipulation dropping the trial date and agreement to set the new trial date by stipulation of the parties. The import of each of these factors is to dampen any sense of urgency in bringing the case to trial.

A mere stipulation to drop the trial date would imply nothing more than the parties agree not to go to trial on that particular date. The provision that the case would be reset by stipulation of the parties is significant. It implies that the usual manner of setting whereby one party files his request for trial date will not be followed. Instead, it implies that the parties will agree and jointly act in obtaining the date for trial.

A fair interpretation of the stipulation would dictate that before any party made motion to dismiss the case for lack of prosecution, he notify the other parties of his intention to so proceed if the case is not promptly set for trial.

The stipulation invoked or rather lulled a sense of security against dismissal. The full import of the stipulation was to excuse appellant from the burden of diligent prosecution she otherwise bore.

Considering all of the circumstances, there was an abuse of discretion in dismissing the case for lack of prosecution.

*The granting of the motion to dismiss for wilful failure to allow discovery as to respondent Delano Union Elementary School District was an abuse of discretion.*

Respondent District was also granted a motion to dismiss under Code of Civil Procedure sections 2030 and 2034, subdivision (d), for appellant's failure to permit discovery (e.g., failure to answer interrogatories and failure to appear at deposition and medical examination). No court order had been obtained by respondents prior to its motion for dismissal.

In each of the cases cited in respondent's brief a court order had been obtained due to plaintiff's failure to respond to discovery. Dismissal followed plaintiff's failure to comply with the court order.

In deciding whether an abuse of discretion occurred in the instant case, we are mindful that a court order compelling answers or submission to other discovery is not required before granting a dismissal. However, ". . . whether a sanction short of dismissal or default would be appropriate to the dereliction" is a factor to be considered by a trial judge in exercising his discretion. (*Deyo* v. *Kilbourne* (1978) 84 Cal. App.3d 771, 797 [149 Cal.Rptr. 499].)

*Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372 at page 381 [137 Cal.Rptr. 332] discusses the discretionary power of the court: "The court may not act arbitrarily, however, and, "'The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment.'" (*Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 782 [66 Cal.Rptr. 776]; see also *Crummer* v. *Beeler* (1960) 185 Cal.App.2d 851, 858 [8 Cal.Rptr. 698].) Nevertheless, the power of the trial court to impose its 'severest sanction'— dismissal—against a recalcitrant plaintiff has been upheld." (Citing *Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805, 810-811 [123 Cal.Rptr. 83]; *Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 783-784 [66 Cal.Rptr. 776]; *Cornwall* v. *Santa Monica Dairy Co.* (1977) 66 Cal.App.3d 250 [135 Cal.Rptr. 761].)

It is notable that in all of the above cited cases in which a dismissal was upheld, a court order for answers or further answers had not been complied with.

Appellant argued before the trial court that throughout the proceedings defense attorneys acquiesced in appellant's attorney's request for the cancellation of deposition and physical examination of appellant until her return to California. Further, they argued that because of defense counsel's acquiescence, this should not be construed as a wilful failure to comply with discovery.

In reaching its decision, the trial court noted the conduct of the District, and stated that it appeared to constitute a partial waiver. This court notes that upon appellant's request the scheduled depositions were

either continued or cancelled by respondent. The record does not disclose that respondent ever informed appellant's counsel that his request to cancel was denied or that the deposition date was firm and the minor would be expected to appear. The record disclosed that the last scheduled deposition was cancelled by respondent at the oral and written request of appellant's counsel.

All matters considered, the trial court reasonably could have inferred that respondent District acquiesced in appellant's request to defer the deposition and physical examination of appellant until her return from Mexico. A stipulation had been entered regarding interrogatories and the case dropped from the trial calendar to be reset on stipulation.

In stating its reasoning for the dismissal, the trial court cited appellant's failure to answer interrogatories. The court should not have given this factor any consideration due to the open time for answering which the District and appellant each gave the other.

█ As stated in *Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520, 523 [94 Cal.Rptr. 85]: "The ultimate sanction of default against a litigant who willfully fails to appear for the taking of his deposition is a drastic penalty which should be sparingly used; ordinarily it would be used only when lesser sanctions have failed. [Citation.] . . ." (See *Kaplan* v. *Eldorado Ins. Co.* (1976) 55 Cal.App.3d 587, 591 [127 Cal.Rptr. 699].)

█ Under the facts of this case, the ultimate sanction of dismissal was too harsh. A lesser sanction should have been imposed. It appears that appellant's attorney was requesting a conditional sanction when he was interrupted by the court and the court failed to consider a lesser sanction: "MR. CALDWELL: Is there an alternative, that is a protective order, that the case to be subject to dismissal if they did not have physical—

THE COURT: I think the delay is now prejudicial as a matter of law and the motion is to be independently granted on independent grounds.

"(Whereupon the above proceedings were concluded.)"

As noted previously, prejudice was speculative.

The trial court abused its discretion in dismissing for failure to comply with discovery.

The judgment is reversed.

Hopper, Acting P. J., and Hamlin, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.