[No. A027061. First Dist., Div. Three. May 21, 1984.]

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
MARY JO BORAK et al., Real Parties in Interest.

[No. A027062. First Dist., Div. Three. May 21, 1984.]

STATE FARM FIRE AND CASUALTY COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
MARY JO BORAK et al., Real Parties in Interest.

**COUNSEL**

Kornblum, Kelly & Herlihy, Guy O. Kornblum, Abigail S. Kelly, Donna P. Clay, Pamela Levin, Jerome F. Downs and Thornton, Taylor & Downs for Petitioners.

No appearance for Respondent.

Lee S. Harris and Cartwright, Sucherman, Slobodin & Fowler for Real Parties in Interest.

**OPINION**

**BARRY-DEAL, J.**—These two petitions, decided together for convenience, arise out of the same superior court action, a suit by homeowners against two insurance companies for failure to pay mudslide damage claims.

These petitions challenge a ruling terminating the defense deposition of one of the plaintiffs (Code Civ. Proc., § 2019, subd. (d)), barring deposition of the other plaintiff without a court order, and permitting plaintiffs to proceed with depositions of other witnesses. We conclude that the court erred in issuing its order upon an ex parte application and without a hearing.

The details of the lawsuit are not important to these petitions. Of importance is the fact that the parties had agreed that plaintiffs' depositions would be taken first, followed immediately by the depositions of "defendants' representatives" noticed by plaintiffs. The first deposition, that of Mrs. Mary Jo Borak, began April 5th, and continued in 12 separate full- or half-day sessions through April 25, 1984. At the conclusion of the April 25th session, the parties agreed to reconvene on Friday, April 27th, at 10 a.m.

Late Thursday, April 26th, plaintiffs' counsel advised defense counsel by phone that he would appear in court to seek a protective order concluding or suspending the deposition, rather than attend the scheduled session of the deposition. In support of what plaintiffs called an "ex parte request for protective order," they filed a memorandum of points and authorities and a declaration by counsel. The declaration stated that the continued deposition of Mrs. Borak was causing severe hardship in her relationship with her nursing infant and that she had to make special arrangements for babysitters during the deposition sessions (she has a three-year-old and a six-month-old child). In general, the declaration described difficulties encountered in trying to speed up the deposition and to secure an estimate of the time required to complete the deposition. The declaration suggested that hardship to Mr. Peter Borak would occur if he were required to attend a similarly protracted deposition.

Friday morning, April 27, 1984, defense counsel appeared to oppose the ex parte request. At that time, they were handed the memorandum and declaration in support of the request. Counsel for St. Paul Fire and Marine Insurance Company (St. Paul) presented a counterdeclaration, and counsel for both petitioners advised the court clerk that they opposed the ex parte request. They asked the clerk to advise the court of the circumstances of the request and that they wished to be heard to object to the substance and the procedure. The clerk returned St. Paul's declaration and advised counsel that the court would not hear oral argument or consent to the presence of a court reporter. Counsel for State Farm Fire and Casualty Company asked the clerk to bring to the court's attention Code of Civil Procedure section 2019, subdivision (d). The clerk again advised counsel that oral argument would not be heard and that counsel would not be permitted to speak informally with the judge about the protective order. Within an hour after ap-

pearance, the clerk delivered to all counsel a copy of the protective order challenged here. A request for clarification of the order was also denied.

The protective order stated: "The declaration of Lee S. Harris [plaintiffs' counsel] for ex parte request for a protective order having been filed, and good cause appearing therefor, [¶] IT IS ORDERED: [¶] 1. That a protective order issue terminating the deposition of Mary Jo Borak, not to be renewed until further order of court upon noticed motion; [¶] 2. That the deposition of Peter Borak be prohibited until further order of this court; [¶] 3. That the depositions of John Osterraad, Bryan Sandlin, Jim Douglas and Mr. Cox proceed in sequence and without delay." The same day, by letter, plaintiffs' counsel advised petitioners of the new schedule for depositions of the witnesses named in part "3" of the order.

█ Upon petition by the two insurance companies, we stayed the effect of the trial court's order. We now annul the order in its entirety, it having been entered without proper notice and opportunity to be heard.

█ The California Supreme Court has announced the "general rule" that ". . . notice of motion must be given whenever the order sought may affect the rights of an adverse party. [Citations.]" (*McDonald* v. *Severy* (1936) 6 Cal.2d 629, 631 [59 P.2d 98].) Restated, ". . . in an adversary proceeding where an order may affect the rights of an adverse party, notice must be given to protect the adverse party's right to be heard on the issue as a matter of due process of law. [Citations.]" (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 222 [119 Cal.Rptr. 917].) █ Although certain orders may be obtained through ex parte application, a statute silent on the question should not be interpreted as authorizing an ex parte application for an order. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 6, pp. 2682-2683.)

█ Code of Civil Procedure section 2019, subdivision (d), provides in part: "At any time during the taking of the deposition, on motion of any party or of the deponent, or upon the court's own motion and after giving counsel an opportunity to be heard, and in either case upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending . . . may order the officer conducting the examination to cease forthwith from taking the deposition, . . . If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. . . ."

By operation of the maxim, *expressio unius est exclusio alterius,* and strict observance of the phrasing of the subdivision, one *might* reach the conclusion that, on motion of a party or of the deponent (as distinguished from the court's own motion), a protective order could be issued without giving counsel an opportunity to be heard. However, we interpret use of the term "motion" rather than "ex parte application" as imposing the notice and hearing requirements generally applicable to motions. Our view is strengthened by consideration of the statement that "[u]pon demand" an objecting party can have the deposition suspended for the time necessary to make a motion for an order. That provision makes unnecessary the expedited ex parte proceedings permitted by the trial court here.

We have reached our conclusion after permitting full briefing by the parties.[1] No purpose would be served by issuance of the alternative writ, which would only add further delay in the proceedings. The result is clear, and a peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to set aside its discovery order of April 27, 1984, in its entirety.

Scott, Acting P. J., and Anderson, J., concurred.

---

[1]*Real parties filed opposition, but declined to rebut petitioners' substantial challenge to the ex parte nature of the proceedings. Their silence on that point suggests the difficulties in making a persuasive argument for denying an adverse party the opportunity to be heard when immediate action by the court is not required.*