[Civ. No. 22787. Third Dist. Oct. 31, 1984.]

DOROTHY TRAIL, Plaintiff and Appellant, v.
HOLLY A. CORNWELL et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*See footnote 1, *post,* page 480.

**COUNSEL**

Maxim N. Bach for Plaintiff and Appellant.

Thomas M. Buckwalter for Defendants and Respondents.

**OPINION**

**SIMS, J.**—Dorothy Trail (hereafter appellant) sued Holly Cornwell, Roy Smith, Virginia Smith, Stanley Young, Roger Settlemire, Douglas Thomas, Gerald Flanagan, James Schaber, Peter Hentshel and Plumas County. On January 24, 1983, the trial court granted the motion of defendants Cornwell, Smith and Smith (hereafter respondents) for discovery sanctions and entered judgment of dismissal. (Code Civ. Proc., § 2034, subds. (b)(2)(C) and (d).)[1] Appellant appeals contending: (1) respondents "had no legal standing" to move for dismissal as a discovery sanction because respondents' attorney never served upon appellant a notice of his substitution for respon-

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated. Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except part I of the Discussion.

dents' previous attorney; (2) appellant was improperly required to use her single peremptory challenge against the first trial court judge and, consequently, was deprived of the opportunity peremptorily to disqualify a second judge who presided in this matter; and (3) in dismissing the complaint, the trial court erroneously relied on appellant's violation of a certain ex parte discovery order obtained in violation of appellant's rights to due process of law.

In an unpublished portion of this opinion, we reject appellant's first contention. We then conclude appellant waived any contention she was wrongfully forced to use a peremptory challenge by her failure to tender the issue to the trial court or apply to this court for a writ. However, we hold the sanction of dismissal of a complaint is authorized by section 2034 only in prescribed circumstances and the trial court erroneously relied on improper circumstances in dismissing the complaint. We therefore reverse the judgment of dismissal.

### FACTUAL AND PROCEDURAL HISTORY

Defendants Settlemire, Thomas and Flanagan served interrogatories on appellant on December 3, 1981. Appellant served objections to those interrogatories by mail on January 8, 1982. Defendants made no motion to compel answers.

On December 11, 1981, Attorney David Rush[2] noticed the depositions of appellant, her husband and Cornwell for December 30, 1981, at 2, 3 and 3:30 p.m., respectively; the depositions "to continue from day to day until completed." On December 30, Maxim Bach, attorney for appellant, arrived about 45 minutes late for the depositions. Before Bach arrived, Attorney Thomas Buckwalter announced he was "substituting in" as attorney of record for respondents in place of attorney (and defendant) Peter Hentschel. Respondent Cornwell acknowledged and consented to Buckwalter's announcement. When Bach arrived he was advised of the substitution, although the record is unclear as to whether Bach was advised Buckwalter represented his clients for the purpose of the deposition only, or for all purposes. Bach stated he had no objection.[3]

Bach began questioning Cornwell, the first of the three witnesses to be deposed. His questioning continued until 5 p.m., when Bach announced he was leaving. Thereupon, the attorneys became involved in the sort of dis-

[2]Rush represented defendants Settlemire, Thomas, and Flanagan.

[3]On January 4, 1982, Cornwell, Smith and Smith filed a duly executed substitution of attorney. (§ 285.) A copy of this notice was not served upon appellant.

agreement about the continuance of the depositions that makes most attorneys wish they had become accountants, engineers or zookeepers. Rush announced the depositions would continue the next morning, December 31, 1981. Bach insisted he was unavailable the next morning but would be available on January 4, 1982, provided Cornwell's deposition was concluded before commencement of Trail's. No agreement was reached.

On the morning of December 31, 1981, without filing any papers in the action, Rush obtained a hearing in Plumas County Superior Court. Rush called Bach's office at about 9:45 a.m. on the 31st and left word the hearing would go forward at 11 a.m.

A reporter's transcript of those proceedings has not been included in the record in this appeal. The minute order recites that Rush testified, that a message was read indicating Bach could not attend, and that the clerk of the court made inquiries as to whether Bach had telephoned the court and reported that Bach had not. At the conclusion of the hearing the court ordered that the deposition of Cornwell be suspended until the depositions of Dorothy and John Trail were concluded. The court ordered those depositions to begin January 4, 1982, and to continue from day to day at Quincy until completed. Rush personally served this order on Bach that same day, December 31, 1981.

On the morning of January 4, 1982, Bach's secretary called Rush to tell him Bach would not be attending the deposition because the court's order of December 31 was invalid and because inclement weather made travel from Oroville to Quincy impossible. The depositions were then set unilaterally by defense counsel for January 5, 1982. Bach and his client failed to appear. Thereafter, the parties entered into various stipulations for the taking of the depositions at various times, but the depositions were never taken.

On February 23, 1982, appellant filed a statement of disqualification of Judge Janes, assigned, for cause and a declaration in support of same. (§ 170, subd. (c).)

On May 10, 1982, Judge Robert H. Kroninger, assigned by the Chairperson of the Judicial Council, denied appellant's motion to disqualify Judge Janes. (See fn. 4, *post.*) On June 23, 1982, appellant peremptorily disqualified Judge Janes pursuant to section 170.6. Judge Frank D. Francis was assigned to preside over the remainder of the lawsuit.

■■■■ On June 7, 1982, respondents filed a motion to dismiss appellant's action as a discovery sanction. The motion was grounded on the

same facts as those in a motion of defendants Settlemire, Thomas, Flanagan and Plumas County granted previously by Judge Janes.[4] Following a hearing, Judge Francis entered an order granting respondents' motion on September 7, 1982.[5] On January 24, 1983, the court entered judgment dismissing appellant's complaint.[6]

DISCUSSION

I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[4]On December 22, 1983, this court reversed that judgment in an unpublished opinion (3 Civ. 22103) holding that Judge Janes' order and judgment were void because he had been properly disqualified pursuant to section 170 on account of his failure to file a timely response to the motion for disqualification. Judge Janes had been sitting on assignment and had inadvertently consulted an outdated pocketpart in the code volume furnished him. The statute reported in the outdated pocketpart failed to contain the fatal time restriction.

Appellant contends respondents may not seek sanctions based on noncompliance with discovery requests of parties other than respondents. We disagree. A party who does not seek discovery may seek sanctions based on an opponent's improper responses to another party's discovery requests. (*Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 905 [190 Cal.Rptr. 593].)

[5]The pertinent provisions of that order provide: "The record indicates that the conduct of the plaintiff and her attorney which required Defendants' application for the Order of December 31st was violative of the letter and the spirit of the discovery laws. Further, there was failure to comply with Justice Jane's Order of December 31st. Excuses for noncompliance were the stated belief of the invalidity of the Order and severely incliment [*sic*] weather. The stated excuse for not appearing at the continued deposition on January 5th was a conflict in schedule. The Court could, isolating that instance, under all of the circumstances of the case, find the conduct relating to the failure to comply with the January 4th [*sic*] Order is not quite enough for the ultimate sanction of dismissal. When, however, a review of the entire file is made and one considers the failure to comply with the Order together with failure to appear at the stipulated continued deposition date of January 30th, a date agreed to by both parties and admitted to have been set by Mr. Bach in his documents, a case of deliberate frustration of the discovery process is clear. The administration of justice through use of the discovery vehicles requires an attitude and conduct which have not been exhibited here."

[6]The pertinent provisions of that judgment provide: "On proof being made to the satisfaction of the court that plaintiff has refused to obey the order of this court dated December 31, 1981 that she appear for deposition, and that MAXIM N. BACH advised appellant to refuse to obey such order; that the plaintiff has wilfully failed to appear before the officer who was to take her deposition, after her attorney had been served with a proper notice in accordance with C.C.P. § 2019(a)(4); that the plaintiff wilfully failed to serve answers to interrogatories submitted under C.C.P. § 2030, after proper service of the interrogatories; and that the plaintiff has caused additional expense to these defendants by engaging in 'tactics or actions not based on good faith which are frivolous or which cause unnecessary delay' within the meaning of C.C.P. § 128.5(a); and that such wilful failure to appear for depositions, to serve answers to interrogatories and to engage in delaying tactics was with the advice and consent of her attorney, MAXIM N. BACH; and on this court's finding that the requested order is just, . . . ."

*See footnote 1, *ante,* page 480.

## II

Appellant contends the order of Judge Francis granting respondents' motion to dismiss is void because she would have used a peremptory challenge to disqualify Judge Francis but could not do so because she was earlier improperly required to use her single peremptory challenge (§ 170.6) against Judge Janes. The record manifests no attempt or desire to disqualify Judge Francis. Appellant filed a statement of disqualification of Judge Janes for cause (§ 170) on February 23, 1982. In a prior appeal in this case this court concluded that Judge Janes was disqualified 10 days after that date for failure to answer the statement of disqualification in the time required by the statute. (§ 170, subd. (f).) We have no occasion to reexamine our conclusion.

A party is entitled to one peremptory challenge as its " 'ace in the hole' " (*Pacific etc. Conference of United Methodist Church* v. *Superior Court* (1978) 82 Cal.App.3d 72, 80 [147 Cal.Rptr. 44]); under proper circumstances the deprivation of this significant tactical advantage may be grounds for reversal. (See *Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768, 774 [164 Cal.Rptr. 505]; *In re Jose S.* (1978) 78 Cal.App.3d 619, 628 [144 Cal.Rptr. 309].)

In the instant case, however, appellant waived any such claim by failing to tender the issue to Judge Francis or to seek extraordinary relief in this court.

When Judge Janes erroneously, albeit understandably,[7] continued to exercise jurisdiction in this case after failing to answer appellant's statement of disqualification, appellant could have sought a writ of mandate to compel his disqualification (*Garcia* v. *Superior Court* (1984) 156 Cal.App.3d 670, 680 [203 Cal.Rptr. 290]; *Pacific etc. Conference of United Methodist Church* v. *Superior Court, supra,* 82 Cal.App.3d at pp. 78-79) instead of using her peremptory challenge. By failing to tender this issue to Judge Francis or to seek the writ, appellant waived any claim she was wrongfully deprived of her peremptory challenge. To hold otherwise would impermissibly permit a party to gamble without risk by allowing proceedings to continue to conclusion without objection, claiming reversible error only if the conclusion were unfavorable. (See, e.g., *Lindemann* v. *San Joaquin Cotton Oil Co.* (1936) 5 Cal.2d 480, 496 [55 P.2d 870]; *In re Christian J.* (1984) 155 Cal.App.3d 276, 278-279 [202 Cal.Rptr. 54], and authorities cited therein.)

---

[7]See footnote 4, *ante.*

## III

■    Next, appellant contends the trial court improperly relied on her violation of the trial court's order of December 31, 1981, in imposing sanctions. She argues the ex parte order deprived her of due process of law because it was made without notice to her. Because we find that the order was not one which, if disobeyed, would justify discovery sanctions under the applicable statutes, we do not address appellant's constitutional contention.

The court and respondents relied on section 2034, subdivisions (b)(2)(C) and (d), as authority to dismiss appellant's complaint.[8]  ■    Section 2034

---

[8]Section 2034 provides in pertinent part: "(a) If a party or other deponent refuses or fails to answer any question propounded upon examination during the taking of a deposition, or refuses or fails to produce at a deposition any books, documents or other things under his control pursuant to a subpoena duces tecum, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. The proponent, on notice to all persons affected thereby, may move the court in which the action is pending (if the deponent is a party or otherwise subject to the jurisdiction of such court), or if the court does not have jurisdiction over the deponent, to the superior court of the county in which the deposition is taken for an order compelling an answer or if good cause is shown, the production of the book, document, or other thing. The motion may also be made, without further notice, if the proponent notifies the refusing party or other deponent at the time of the refusal or failure that the proponent will apply to the court for an order pursuant to this subdivision of this section, at a specified time not less than 10 nor more than 30 days from the date of such refusal or failure, in which event the officer before whom the deposition is taken shall direct the refusing or failing party or other deponent to attend a session of said court at said time. Not less than five days prior to the hearing on any such motion, the proponent must lodge with the court the original transcript of the deposition. Upon the refusal or failure of a party to answer any interrogatory submitted under Section 2030, the proponent of the question may on like notice make like application for such an order. Upon the filing and service of either written objections to a request under Section 2033, or an answer deemed by the requesting party not to be in compliance with the requirements of Section 2033, the party serving the request may on like notice make like application for an order requiring answers or further answers to the request. If the motion is granted the court shall order that an answer or further answer be served within an appropriate time. Upon the refusal or failure of a party to identify documents, papers, books, accounts, letters, photographs, objects, or tangible things or to permit inspection or entry after having been served with a request under Section 2031, the party serving the request may on like notice and upon a showing of good cause make application for an order to compel compliance with the request. If the court finds that the refusal or failure or objection was without substantial justification or that the answer does not comply with the requirements of Section 2033, the court may require the refusing or failing or objecting party or deponent and the party or attorney advising the refusal or failure or objection or any of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. If the motion is denied and if the court finds that the motion was made without substantial justification, the court may require the examining party or the attorney advising the motion or both of them to pay to the refusing or failing or objecting party or witness the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees.

"If the court orders that an answer or further answer to requests for admissions be made, and the answer or further answer is not filed and served within the period ordered by the court, each of the matters involved in the order shall be deemed admitted, subject only to

provides "the exclusive mechanics for imposing sanctions for failure to comply with valid requests for discovery." (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 712 [39 Cal.Rptr. 891, 394 P.2d 707], and see *McElhaney* v. *Cessna Aircraft Co.* (1982) 134 Cal.App.3d 285, 290 [184 Cal.Rptr. 547].)

■■ The court may not dismiss an action under subdivision (b) of section 2034 unless there has first been a refusal to obey an order described in section 2034. (*Duggan* v. *Moss* (1979) 98 Cal.App.3d 735, 742 [159 Cal.Rptr. 425].) Subdivision (b)(2) of section 2034 permits the court to dismiss an action as a sanction when "a party refuses to obey an order made under Sections [2034, subd. (a),] 2019, 2031, or 2032 . . . ." We examine the described provisions serially.

Section 2034, subdivision (a) provides in relevant part that if a deponent refuses or fails to answer any question propounded upon examination during the taking of a deposition, the proponent of the question may move the court for an order compelling an answer to the question. (See fn. 8, *ante.*) The order may be obtained without further notice if the proponent notifies the refusing party at the deposition that application for an order will be made to the court at a specified time. (*Ibid.*)

■ In the instant case, the ex parte order of December 31, 1981, was not made pursuant to subdivision (a) of section 2034 for two reasons: (1)

---

relief pursuant to Section 473, as restricted by the provisions of Section 2033.

" . . . . . . . . . . . . . . . . . . . . . . .

"[(b)](2) If any party or person for whose immediate benefit the action or proceeding is prosecuted or defended, or an officer, director, superintendent, member, agent, employee, or managing agent of that party or person refuses to obey an order made under subdivision (a), or if any party or an officer or managing agent of a party refuses to obey an order made under Section 2019, 2031, or 2032, the court may make any orders in regard to the refusal which are just, including, but not limited to, any of the following:

" . . . . . . . . . . . . . . . . . . . . . . .

"[(b)(2)](C): An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

" . . . . . . . . . . . . . . . . . . . . . . .

"(d) . . . If a party or a person for whose immediate benefit the action or proceeding is prosecuted or defended or anyone who at the time the deposition is set is an officer, director, or managing agent of any party or person willfully fails to appear before the officer who is to take his deposition, after the party or his attorney has been served with a proper notice in accordance with the provisions of paragraph (4) of subdivision (a) of Section 2019, or if a party or an officer or managing agent of a party willfully fails to serve answers to interrogatories submitted under Section 2030, after proper service of the interrogatories, the court on motion and notice may strike out all or any part of any pleadings of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney's fees."

the deponent had not failed or refused to answer any question propounded during the deposition, and (2) since defendants did not notify appellant at the deposition that an order would be obtained, the order could be obtained only upon noticed motion. (See *In re Marriage of Lemen* (1980) 113 Cal.App.3d 769, 780 [170 Cal.Rptr. 642]; Cal. Civil Discovery Practice (Cont.Ed.Bar. 1975) §§ 3.6-3.9, pp. 94-95.) Since the ex parte order was not obtained pursuant to prescribed procedures, it was not an order obtained pursuant to subdivision (a) of section 2034. (See *St. Paul Fire & Marine Ins. Co.* v. *Superior Court* (1984) 156 Cal.App.3d 82, 85-86 [202 Cal.Rptr. 571].)

Section 2019 authorizes the court to enter an order compelling a deposition at a particular time and place only in prescribed circumstances.[9] Subdivision (b)(1) of section 2019 provides in relevant part, "Upon motion seasonably made by any party or by the person to be examined . . . and upon notice, or upon the court's own motion and after giving counsel an opportunity to be heard, and in either case for good cause shown, the court in which the action is pending may make an order that the deposition . . . may be taken only at some designated time or place other than that stated in the notice of taking the deposition . . . ." For present purposes, we assume arguendo the order of December 31 specified that the deposition be taken at a time other than that stated in the notice of the deposition.[10] However, the order was not made "upon the court's own motion" (*ibid.*) but rather upon the ex parte motion of counsel. Where counsel initiates the request for an order, subdivision (b)(1) of section 2019 clearly contemplates that an order be obtained pursuant to standard motion procedures, which include a written notice of motion. (See § 1005; *St. Paul Fire & Marine Ins. Co.* v. *Superior Court, supra,* 156 Cal.App.3d at pp. 85-86.) The ex parte order obtained here did not satisfy the statute's requirement that the order be obtained "upon motion . . . and upon notice . . . ." (§ 2019, subd. (b)(1).) The order of December 31 was therefore not made under subdivision (b)(1) of section 2019. (*Ibid.*)

The last sections mentioned in subdivision (b)(2) of section 2034—sections 2031 and 2032—concern the production of evidence and physical and mental examinations, respectively. The court's order of December 31, 1981, was not made pursuant to either of these sections.

[9]Subdivision (b)(2) of section 2019 empowers the court to enter an order requiring certain deponents to attend depositions more than 150 miles from their place of residence. That provision is inapplicable here.

[10]The notice specified the depositions would be taken at the law library of the Plumas County Superior Court at Quincy on December 30, 1981, "to continue from day to day until completed." The order directed the depositions be taken at the same place on January 4, 1982. We do not reach the question whether January 4 is a time not specified in the notice of taking the depositions "from day to day . . . ."

Since the court's order of December 31, was not made under sections 2034, subdivision (a), 2019, 2031, or 2032, section 2034, subdivision (b)(2)(C) did not authorize the court to dismiss appellant's complaint. The court erred in concluding otherwise.[11]

IV

Appellant contends the court also wrongfully dismissed her complaint because it erroneously concluded she had wilfully refused to answer interrogatories propounded by defendants Settlemire, Thomas, Flanagan and Plumas County. Appellant had interposed a timely objection to those interrogatories and a motion to compel further answers (§ 2030, subd. (a)) was not forthcoming.

It is unnecessary to pursue a motion to compel answers before seeking sanctions for refusal to answer interrogatories (§ 2034, subd. (d)) where a party has wholly refused to respond to interrogatories. (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 787 [149 Cal.Rptr. 499].) However, when initial objections are made to interrogatories, and no motion to compel answers has been made, the court may not impose sanctions pursuant to section 2034, subdivision (d), because an objection is not a refusal to answer. (*Id.,* at pp. 786-787, 791; *Fairfield* v. *Superior Court* (1966) 246 Cal.App.2d 113, 119 [54 Cal.Rptr. 721]; see fn. 8, *ante.*) Because appellant interposed timely objections to respondents' interrogatories[12] and defendant failed to move to compel further answers, the court erred in dismissing appellant's complaint on the ground appellant wilfully refused to answer defendants' interrogatories.

We have determined that two of the court's reasons for imposing sanctions are erroneous, leaving only the reason that appellant failed to attend the deposition set by stipulation for January 30, 1982.[13] (See fns. 5 and 6, *ante.*) However, dismissal of an action as a discovery sanction is a drastic

---

[11]We do not hold that the court was without jurisdiction to issue the order of December 31. We merely determine that it was not issued "under Sections [2034, subd. (a),] 2019, 2031, or 2032. . . ."

[12]The record discloses that defendants served the interrogatories by mail on December 3, 1981. Appellant was required to answer or object within 30 days; this time is extended five days because of service by mail (§§ 1013, subd. (a), 2030, subd. (a); *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at p. 788, fn. 18). Appellant mailed her objections January 8, 1982; service is deemed complete upon mailing. (§ 1013, subd. (a).) The objections were therefore timely served.

[13]We reject appellant's contention that no substantial evidence supports this finding. Appellant argues that she had a right to fail to attend the deposition because Rush failed to procure the transcript of Cornwell's prior deposition testimony as agreed. Rush declared that the agreement was not a condition of the stipulation setting the deposition. Obviously, the court believed Rush, not Bach.

remedy which should be used sparingly. (*Garza* v. *Delano Union Elementary School Dist.* (1980) 110 Cal.App.3d 303, 315 [167 Cal.Rptr. 629]; *Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520, 523 [94 Cal.Rptr. 85].) We shall remand the cause to the trial court for its further consideration of appropriate sanctions other than dismissal.[14]

### DISPOSITION

The order and judgment of dismissal is reversed. The cause is remanded for reconsideration of a proper sanction for appellant's wilful refusal to attend a single deposition.

Puglia, P. J., and Regan, J., concurred.

---

[14]Appellant requests that this court impose sanctions for the failure of respondents to appear at the settlement conference in this court. (Local Rules of Court (3d App. Dist.) rule 7.) This court's records disclose that the court clerk did not notify respondents' counsel of the conference. In the absence of actual notice sanctions are inappropriate.